Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 50046-2 | **DATE** | 2/13/2003 |
| **CASE TITLE** | U.S.A. v. Borgetti | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Case numbers 03 C 50034 and 01 CR 50046-2 are consolidated for purposes of this order. For the reasons stated on the reverse Memorandum Opinion and Order, Borgetti's motions for preliminary and mandatory injunctive relief are denied in Case No. 03 C 50034 and the government's motion to dismiss in that case is granted. Case No. 03 C 50034 is dismissed in its entirety. Borgetti's motion to correct an error or mistake in Case No. 01 CR 50046-2 is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | FEB 1 4 2003 | |
| | Notified counsel by telephone. | date docketed | 90 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2-14-03 | |
| | | date mailed notice | |
| /SEC | courtroom deputy's initials | SW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

On October 15, 2001, Michael Borgetti pled guilty to one count of bank fraud, 18 U.S.C. § 1344(1), in case number 01 CR 50046-2. Almost a year later, on October 11, 2002, this court sentenced Borgetti to seven months of imprisonment with a recommendation that he serve his entire sentence in a work release facility. Pursuant to that recommendation, the Federal Bureau of Prisons ("BOP") designated Borgetti to the Winnebago County Work Release facility. Then on December 13, 2002, the Office of Legal Counsel of the U.S. Department of Justice issued a memorandum opinion to the effect that the BOP lacks statutory authority to place in community confinement – e.g., work release – an offender who has been sentenced to a term of imprisonment and that the BOP's practice of doing so is, therefore, unlawful. Based on that opinion, the Deputy Attorney General announced a policy change that the BOP would no longer use community confinement as a substitute for imprisonment. It was further ordered that all prisoners who were in community confinement centers as of December 16, 2002 and had at least 150 days remaining on their sentences would be transferred to prison institutions. As a result, the BOP on December 23, 2002 sent Borgetti a written notice informing him that he had been redesignated to serve the remainder of his sentence at a minimum security prison camp in Terre Haute, Indiana, effective January 28, 2003.

In response, Borgetti initiated a civil action, case number 03 C 50034, against defendants, the BOP, John Ashcroft in his capacity as the Attorney General of the United States, and Andrea Tack, the Community Corrections Manager for the Winnebago County Work Release facility, to prevent – and now reverse – his redesignation. He has filed a four-count amended complaint in that case based on various legal theories and constitutional violations. Before the court in this action are Borgetti's motion for a mandatory injunction[1] and the government's motion to dismiss, filed under Federal Rule of Civil Procedure 12(b). Borgetti also has filed what he calls a "motion to correct an error or mistake" under Federal Rule of Criminal Procedure 36 in his criminal case, case number 01 CR 50046-2. The court has consolidated these two cases for purposes of this memorandum opinion and order.

Taking up the latter motion first, Rule 36 allows the court to correct "clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission." According to Borgetti, there was such "an oversight by this Court" that "now needs to be corrected" – namely, recommending that he serve his term of imprisonment in work release, an option the BOP has since determined is not available. Borgetti then suggests the court correct his sentence by either sentencing him "to a period of imprisonment for one month and sentence [him] to either supervised release or home confinement for the remainder of the sentence" or "impos[ing] a different sentence consistent with a combination of incarceration, home confinement and/or community correction service, not in excess of seven months." In the court's opinion, doing what Borgetti asks would not merely correct his sentence but would fundamentally change it altogether in violation of his plea agreement. The terms of that agreement specified "the sentence imposed by the Court shall include a term of 7 months in the custody of the Bureau of Prisons." In other words, Borgetti must serve a seven month term of imprisonment. At the time of Borgetti's sentencing, the court believed this could be accomplished by placing him in a work release program. The BOP now says it cannot. By the same token, though, in no way can Borgetti's mandatory term of imprisonment be satisfied by substituting any portion of it with supervised release or home confinement, let alone reducing his sentence by six months; to do so would effect a material breach of his plea agreement. Thus, unlike the situation in United States v. Canavan, No. CR 00-276 (JRT/FLN), 2003 WL 245226 (D. Minn. Jan. 22, 2003), "correcting" Borgetti's sentence under Rule 36 from a term of imprisonment to something else, such as a term of probation or supervised release, is simply not an option.

Turning to the amended complaint in his civil action, Borgetti generally alleges the retroactive application of BOP's change in policy deprived him of his constitutional rights under the Ex Post Facto Clause, the separation of powers doctrine, and the Due Process Clause of the Fifth Amendment. He casts these theories as alternative claims for relief under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., (Count I), 28 U.S.C. § 2241 (Count II), 28 U.S.C. § 2255 (Count III), and 28 U.S.C. § 1361 (Count IV). To begin with, the court sees a number of problems with the type of remedies Borgetti has chosen. First, it is hard to imagine how the BOP's act of redesignating Borgetti could amount to a tort for purposes of the Federal Tort Claims Act. A writ of mandamus under § 1361 also seems problematic because, as explained below in more detail, none of the defendants owe Borgetti a "duty" to place him in work release. Likewise, the court doubts whether a § 2255 motion or a writ of habeas corpus under § 2241 are proper remedies, as Borgetti is not challenging his underlying sentence or conviction, but merely where he serves his sentence. This is more along the lines of a Bivens action, see Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991), which, although alleged in Count I, is not available here because Borgetti admits he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).[2]

Putting all of these procedural obstacles aside, however, the court nevertheless finds Borgetti is not entitled to the relief he seeks (to be redesignated back to the Winnebago County Work Release facility). This is because the BOP, and the BOP alone, has the statutory authority to designate his place of imprisonment. See 18 U.S.C. § 3621(b). The sentencing court can recommend a particular placement, see id. § 3621(b)(4), but it is just that – a recommendation; the BOP is perfectly free to follow or not follow it. So even before the BOP's recent policy change, the chance the BOP would not accept this court's recommendation that Borgetti be placed in a work release facility remained a very real and distinct possibility. Given this fact, the court does not see how the BOP's redesignation of Borgetti to Terre Haute – prompted as it was by the retroactive application of the BOP's policy change – could have worked a violation of due process or the Ex Post Facto Clause, and certainly not the separation of powers doctrine.[3] A number of other district courts across the country have rejected similar constitutional challenges to the BOP's change of policy and this court aligns itself with those cases. See United States v. Andrews, No. 03-CV-70107-DT, 2003 WL 142492 (E.D. Mich. Jan. 13, 2003); United States v. Schild, No. 00-40021-01, 2003 WL 260672 (D. Kan. Jan. 21, 2003) (Rogers, J.); United States v. Herron, No. 03-3039-JAR, 2003 WL 272170 (D. Kan. Feb. 3, 2003) (Robinson, J.). But see Culter v. United States, No. CR 01-439(ESH), 2003 WL 184022 (D. D.C. Jan. 27, 2003).

For the reasons stated above, Borgetti's Rule 36 motion and his motion for mandatory injunctive relief are denied, and the government's motion to dismiss is granted. Case number 03 C 50034 is hereby dismissed in its entirety.

---

[1] Borgetti originally filed a motion for preliminary injunctive relief before his redesignation took effect but, because the court did not have a chance to rule on that motion in time, Borgetti is now in custody at Terre Haute. The court thus considers the motion for a preliminary injunction moot.

[2] Borgetti's failure to exhaust his administrative remedies would not deprive this court of subject matter jurisdiction over his Bivens claim. See Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000). And given that Borgetti is seeking immediate mandatory injunctive relief, due to the fact that exhaustion of his administrative remedies would almost certainly take longer than his entire sentence, the court's jurisdiction is secure.

[3] That said, and while recognizing the BOP's broad discretion to change its policy of designating prisoners to community confinement centers, this judge still questions the wisdom of applying the policy change retroactively to prisoners like Borgetti. These are individuals who had already begun to serve their sentences in community confinement centers and whose sentences are very short to begin with – generally no more than twelve months. The court simply does not see the harm of letting these individuals finish their sentences where they started them.